AO 243 (Rev. 01/15)                                             Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: Eastern District of Oklahoma |
|---|---|
| Name (under which you were convicted): Maurice Elon Edwards | Docket or Case No.: CR 13-010-RAW |
| Place of Confinement: FCI El RENO | Prisoner No.: 06176-063 |
| UNITED STATES OF AMERICA    v. | Movant (include name under which convicted): Maurice Elon Edwards |

**MOTION**      16-CV-433-RAW

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court Eastern District Muskogee, OK

   (b) Criminal docket or case number (if you know): CR 13-010-RAW

2. (a) Date of the judgment of conviction (if you know): _____
   (b) Date of sentencing: 4-10-14

3. Length of sentence: 262

4. Nature of crime (all counts): Possession of Controlled Substances with intent to distribute

   FILED OCT 11 2016 PATRICK KEANEY Clerk, U.S. District Court By _____ Deputy Clerk

5. (a) What was your plea? (Check one)
   (1) Not guilty [✓]    (2) Guilty [ ]    (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury [✓]    Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes [ ]    No [✓]

8. Did you appeal from the judgment of conviction?    Yes [✓]    No [ ]

AO 243 (Rev. 01/15)                                                                                                          Page 3

9. If you did appeal, answer the following:
   (a) Name of court: Eastern District of Oklahoma / 10th ciruit
   (b) Docket or case number (if you know): 6:13-CR-00010-RAW-2
   (c) Result: Denied
   (d) Date of result (if you know): 3-24-15
   (e) Citation to the case (if you know): 14-7028
   (f) Grounds raised:
      1) Admission of a NON-Testifying witness report
      2) Trial For Possession of drugs with intent to distribute constructively amended the charge
      3) Instructions to the jury omitted an essential element of aiding and Abetting

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☑  No ☐
      If "Yes," answer the following:
      (1) Docket or case number (if you know): _____
      (2) Result: denied review
      (3) Date of result (if you know): 10-5-15
      (4) Citation to the case (if you know): _____
      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☑  No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: Eastern District of Oklahoma
        (2) Docket or case number (if you know): CR 13-010-RAW
        (3) Date of filing (if you know): _____
        (4) Nature of the proceeding: Reduction of Sentence 18 U.S.C§3582
        (5) Grounds raised: lower a sentence whenever guideline range has been subsequently lowered by sentencing Commission

AO 243 (Rev. 01/15)                                                                                                           Page 4

     (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
         Yes ☐    No ☑
     (7) Result: _Denied_
     (8) Date of result (if you know):
(b) If you filed any second motion, petition, or application, give the same information:
     (1) Name of court:
     (2) Docket of case number (if you know):
     (3) Date of filing (if you know):
     (4) Nature of the proceeding:
     (5) Grounds raised:

     (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
         Yes ☐    No ☐
     (7) Result:
     (8) Date of result (if you know):
(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
     (1) First petition:    Yes ☐    No ☐
     (2) Second petition:  Yes ☐    No ☐
(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)

Page 5

**GROUND ONE:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

see attached page labeled ground one

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

it was a Ineffective assistance of counsel issue

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached page labeled ground two

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

It was a ineffective assistance of counsel issue

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND THREE:** _Ineffective assistance of counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_See attached page labeled ground three_

AO 243 (Rev. 01/15)                                                                                                              Page 8

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐          No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐          No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐          No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐          No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐          No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** _Ineffective assistance of counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

see attached page labeled ground four

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

this is a ineffective asstistance of counsel issue

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)                                                                                          Page 10

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐  No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐  No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐  No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

ineffective assistance of counsel. This is my first available opportunity to raise this issue, on this stage of appeal

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

GROUND ONE
-Ineffective Assistance of Counsel
Trial Counsel was ineffective when he failed to object to the admission of the anonymous phone call, under the Defendant's rights, under the Confrontation Clause of the Sixth Amendment. Trial counsel failed to do any investigation on any testimonial evidence of the anonymous phone call, and thereby failed to understand that this evidence was the only direct evidence in this case, and would be broadly used during trial, and also profoundly relied upon for the truth it asserts.
---

GROUND TWO
-Ineffective Assistance of Counsel
Trial Counsel was ineffective when he failed to object to anonymous witness testimony, under the Confrontation Clause of the Sixth Amendment. The contents of the anonymous call were oft-repeated during the trial court proceedings, for the truth of the matter asserted.
---

GROUND THREE
-Ineffective Assistance of Counsel
Trial Counsel was ineffective when he failed to raise objections to evidentiary issues during the pre-trial phase of this case. Nor did trial counsel file any pre-trial motions that would preclude the admission of some evidence. This provoked the trial judge to not only scold defendant's trial counsel, but also provoked the judge to allow the contents of the anonymous phone call to be played for the jury prior to making a decision about the legality of the admission of this testimonial evidence.
---

GROUND FOUR
-Ineffective Assistance of Counsel
Trial Counsel was ineffective when he failed to discuss, advise, or counsel Defendant at any time during the post-trial/PSIR process. Trial counsel also failed to investigate any matters relating to the PSIR (drug purity, quantity, types of drugs, lab reports, etc.). Nor did counsel, at any time, discuss errors within the report with the defendant or the court. Trial counsel's failure to object to errors, nor object to any other wrong issues, contents, or matters relating to the PSIR, allowed for wrong, untrue, misinformation to be improperly included within the PSIR. This significantly altered defendant's sentence and caused over-sentencing.
---

***The cumulative effect of trial attorney's ineffectiveness; his pre-trial dereliction of duty, his lack of zealous defense during trial, and his absolute neglect of any responsibility to the Defendant during the post-trial/PSIR and Sentencing phase of trial, caused significant harm to the Defendant. And also forced the Defendant from receiving a fair-trial and a fair-sentence.
---

GROUND ONE
TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO RAISE OBJECTIONS TO THE ADMISSION OF THE ANONYMOUS PHONE CALL, UNDER THE DEFENDANT'S RIGHTS, UNDER THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT. TRIAL COUNSEL FAILED TO DO ANY INVESTIGATION ON THE TESTIMONIAL EVIDENCE OF THE ANONYMOUS CALL, AND THEREBY FAILED TO UNDERSTAND THAT IT WAS THE ONLY DIRECT EVIDENCE IN THIS CASE, AND WOULD BE BROADLY USED DURING TRIAL, AND PROFOUNDLY RELIED UPON FOR THE TRUTH IT ASSERTS.

Trial counsel was ineffective because he failed to investigate the importance and nature of the anonymous phone call prior to it being admitted at trial. Counsel failed to investigate the caller, or defendant's thoughts, ideas, and leads pertaining to caller and other witnesses. Counsel was ineffective because he failed to investigate and understand that the anonymous phone call was the only direct evidence being used by the government in this case, and that the entire prosecution would be founded upon the nature and contents within this phone call. This evidence would be testimonial, and therefore require cross-examination. Trial counsel failed to do any investigation, research, or preparation on this matter. Because of this, he did not object to the phone call being admitted, under a violation of the Confrontation Clause of the Sixth Amendment.

During the government's opening statement, it told the jury that Heather Howard, a police dispatcher, would testify that she received a phone call from an anonymous female who told her that "Maurice Edwards and Tony Washington were going to -- about to leave Oklahoma City to travel to McAlester with a load of drugs."

This information did not merely indicate why the police stopped the defendants, but instead was offered as truth of the matter asserted. When the government presented Howard's description of the phone calls, and played the recordings of the calls, at no time did he attempt to limit the evidence to the purpose of showing why police sought the defendants. Through Ms. Howard's testimony and the playing of the calls, the government presented cumulative and lengthy evidence of a non-testifying witness.

Two additional trial witnesses (including a Police Officer) described the content of the anonymous phone call leading to Defendant's arrest. On the third recounting of the phone call, Defendant's trial counsel objected on hearsay grounds, but the objection was denied. A second conference was held on the objections. The court again denied the objections, observing that "out of court statements are not hearsay when offered for the limited purpose of explaining why a government investigation was undertaken." Later on the same day of trial the court admonished the jury that it could consider Ms. Howard's testimony, and the recording, "only for the purpose as an explanation of why the government can commence an investigation" and not "for any truth of the matter asserted." The same admonition was provided in the jury instructions.

In Mr. Edwards' trial, the government's use of the anonymous phone call far exceeded the scope of using it to establish why the government acted. It continuously offered the identifying statements within the calls as proof of culpability. It used the statements made in the phone call during both its OPENING and CLOSING remarks as truth of the matter asserted. The government, in its closing remarks, was trying to convince the jury of the truth of the matter asserted in the phone call. The government again erroneously used the phone call as truth of the matter asserted for the facts not in evidence in its closing arguments, when it stated; "What do we have? We probably have an angry girlfriend. She's pissed off about the defendant's lying cheating and drug dealing, and she's had enough. Thought the defendant was cheating on her, heard both of them lie to Ann Dillard, Maurice's mom, when they're talking about going to take stuff to Tony's baby."

The court sustained an objection by counsel for Mr. Edwards on the grounds that the argument assumed facts not in evidence. Moments later the prosecutor repeated his point, without reference to the police investigation:
"Tony and Maurice, the defendants, were going down there to make some money to McAlester. Ann Dillard didn't even know they were going to McAlester. Someone made this phone call and ratted them out. You heard that from Bethany Kendall. It was implied by the defense. Two people I know not to piss off in this world is my mama and my wife, and I think that's what probably happened in this case. I think someone got pissed off and made that anonymous tip. But is it reasonable that this person was so mad they learned how to acquire 14 pounds of marijuana, over an ounce of methamphetamine, drug paraphernalia, and put them in a vehicle just to get back at them? That's not reasonable."

The prosecution exposed the jury to the anonymous caller's account several times: in opening argument, in the dispatcher's recall of what the 911 caller said, in each of the two recording played to the jury, and repeatedly in closing arguments. At no time did the prosecutor present the evidence in the context of the limited purpose belatedly adopted by the trial court. It did not heed the limitation, and used the evidence for its substantive effects in closing argument, despite the trial court's admonition to the jury minutes earlier in the reading of the instructions. Under these circumstances, there is no reason to conclude that the jury limited its consideration of the evidence any more than the prosecutor did. In addition, the evidence violated the prohibition against hearsay. Since it was not utilized for a limited purpose, the substantive use of the evidence rendered it improper hearsay. The contents of this evidence was testimonial, and therefore making the caller a witness in this case. This improper evidence was oft-repeated and provided the only direct evidence of guilt.
The assertions of the anonymous caller that Mr. Edwards was transporting drugs violated his Sixth Amendment right to confrontation, and is reversible error.

TRULINCS 06176063 - EDWARDS, MAURICE ELON - Unit: ERE-A-A

---

FROM: 06176063
TO:
SUBJECT: GROUND 2
DATE: 10/03/2016 06:30:16 PM

GROUND TWO
-INEFFECTIVE ASSISTANCE OF COUNSEL
THE TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO OBJECT TO ANONYMOUS WITNESS TESTIMONY, UNDER THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT. THE CONTENTS OF THE ANONYMOUS CALL WAS REPEATEDLY REFERENCED AND USED FOR THE TRUTH OF THE MATTER ASSERTED

Trial Counsel asked for a bench conference only minutes before the first witness was to be called (The 911 Dispatcher) to testify to the contents of the anonymous phone call. He asserted an objection to bar the admission of the phone call for hearsay. The court overruled the objection saying "out of court statements are not hearsay when offered for the limited purpose of explaining why a government investigation was undertaken." The court then allowed the witness to give testimony, discuss the contents of the phone call, and then allowed these recordings to be played for the jury.

At this point, the contents of the phone call were admitted for their truth. This fact was further proven when two additional witnesses testified to the contents and truthfulness of the anonymous phone call as well. The contents of the phone call were also discussed in both, opening and closing arguments. These repeated references both to the existence and the details of the content of the anonymous phone call went far beyond what was necessary for background. The anonymous phone call was admitted for the truth.

At no time during or after opening statements, during the testimony of any of the three different witnesses, nor during the closing statements of this trial, did counsel object on the grounds of violating the Defendant's rights under the Confrontation Clause of the Sixth Amendment. The Defendant had been prejudiced significantly by the violation.

The government presented testimonial evidence repeatedly in this trial. It caused great harm to the Defendant, because all other evidence at this trial was circumstantial, but the 911 anonymous phone call furnished direct eyewitness evidence that Defendant possessed the drugs found in the car. Repeatedly these statements were presented to the jury, and the recordings were played to the jury several times. Defendant was never afforded an opportunity to cross-examine, or confront the witness caller. And his trial attorney failed to object to the use of this testimonial evidence, under the Confrontation Clause of the Sixth Amendment. Trial counsel was ineffective, and this error was not one of trial strategy.

TRULINCS 06176063 - EDWARDS, MAURICE ELON - Unit: ERE-A-A

----------------------------------------------------------------------------------------

FROM: 06176063
TO:
SUBJECT: GROUND 3
DATE: 10/03/2016 06:30:45 PM

-GROUND THREE
TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO RAISE OBJECTIONS TO EVIDENTIARY ISSUES DURING THE PRE-TRIAL PHASE OF THIS CASE. NOR DID COUNSEL FILE ANY PRE-TRIAL MOTIONS THAT WOULD PRECLUDE THE ADMISSION OF SOME EVIDENCE. THIS PROVOKED THE TRIAL JUDGE TO NOT ONLY SCOLD THE DEFENDANT'S TRIAL COUNSEL, BUT ALSO PROVOKED THE JUDGE TO NOT ONLY ALLOW THE CONTENTS OF THE ANONYMOUS PHONE CALL TO BE PLAYED FOR THE PRIOR TO MAKING A DECISION ABOUT THE LEGALITY OF THE ADMISSION OF THIS TESTIMONIAL EVIDENCE.

During the pre-trial period, the trial judge requested pre-trial motions and objections from the attorneys. Mr. Edwards attorney was ineffective because he failed to object to the use of the anonymous phone call at this time. He neither raised hearsay nor confrontation clause objections at this time.

After the trial judge, from the bench, called the first witness, defendant counsel asked to approach the bench. Trial counsel for the first time, raised an objection to the coming testimony about the contents of the anonymous call. The trial judge was lined. He scolded trial counsel for his timing, lack of professionalism, and disregard for his court. The trial judge even asked the trial counsel, "what are you thinking?...... you heard of motions in limine?" Then added, "we've had plenty of time for you to bring this up....."
This exchange provoked the trial judge to admit the evidence of the anonymous phone call, as well as allow it to be played to the jury by saying, "so it might be that jury hears it, and then I have to give instructions that says they shouldn't listen to it because of the way you've handled the case."

The anonymous phone call was relied upon for the search warrant, which led to the arrests in this case, and was used broadly to assert the truth of the matters to be resolved within this case. It was testimonial hearsay, and it prejudiced Mr. Edwards from receiving a fair trial.

TRULINCS 06176063 - EDWARDS, MAURICE ELON - Unit: ERE-A-A

---

FROM: 06176063
TO:
SUBJECT: GROUND 4
DATE: 10/03/2016 06:29:44 PM

GROUND FOUR
-Ineffective Assistance of Counsel
TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO ADVISE OR COUNSEL DEFENDANT, AT ANY TIME, DURING THE POST-TRIAL/PSIR PROCESS. TRIAL COUNSEL ALSO FAILED TO INVESTIGATE ANY MATTERS RELATED TO THE PSIR (DRUG PURITY, AMOUNTS, TYPES OF DRUGS, LAB REPORTS, ETC.). NOR DID TRIAL COUNSEL, AT ANY TIME, DISCUSS ERRORS WITHIN THE PSIR WITH DEFENDANT OR THE COURT. COUNSEL'S FAILURE TO OBJECT TO ERRORS, NOR ANY OTHER WRONG ISSUES, CONTENTS, OR MATTERS RELATING TO THE PSIR, ALLOWED FOR WRONG, UNTRUE, MISINFORMATION TO BE IMPROPERLY INCLUDED WITHIN THE PSIR. THIS SIGNIFICANTLY ALTERED THE DEFENDANT'S SENTENCE, AND CAUSED OVER-SENTENCING.

After the guilty verdict at trial, trial counsel had no further conversations or discussions with the defendant at all. As a matter of fact, trial counsel never engaged the defendant again. There were no discussions between trial counsel, nor any lawyer from his firm, with defendant after he left the courtroom on the day of the guilty verdict in this case. There was no advice, counsel, discussions, nor any communication with defendant at all.

Within the PSIR, the defendant was held responsible for drug possession that was not included in the indictment, not discussed at trial, nor apart of the case at all. But he received an enhancement of his sentence for cocaine possession, as it was factored into the total drug amount for the purposes of sentencing. Defendant was never arrested, charged, or indicted for any cocaine possession.

Defendant also received an enhanced sentence for the possession of the methamphetamine because it was defined in the PSIR as "actual methamphetamine". This defined this drug as being 100% pure or "actual" methamphetamine. It is scientifically impossible to have pure methamphetamine in the form it was seized. The drug itself is a mixture of several chemicals (some of them are not illegal drugs) and to apply a definition to this drug of "pure" or "actual" is plain error.

Trial counsel was also ineffective because he failed to investigate the nature, type, amounts, and purity of the drugs. He failed to request the lab reports of the drugs seized, investigate the truth within, or raise any objections about the misinformation within the PSIR pertaining to these matters. Defendant was completely without counsel during the post-trial phase of this case. He was also given a Career Offender sentencing enhancement. The defendant only had two very minor drug offenses for marijuana possession. Neither of these prior cases resulted in jail or prison sentences. There were no prior "Serious Drug Offenses" that would give rise to the Career Offender Enhancement. There was also no violence in the Defendant's History at all.

During the sentencing hearing, another attorney from trial counsel's firm attended on his behalf. Defendant had never spoken with this attorney about his PSIR, nor the contents and information thereof. Also, they did not discuss any objections to the PSIR. And the attorney who made an appearance at the sentencing (not trial attorney) never made any objections at all. Not even to the erroneous information in the PSIR, nor the defendant being enhanced as a Career Offender.

At sentencing the district court found (without objection) that the Defendant was a Career Offender. There was also a cocaine amount added to the total drug amount as well. Under the Sentencing Guidelines, this status entailed Criminal History Category VI and offense level 34, corresponding a sentence range of 262-327 months. Mr. Edwards was sentenced to 262 months in custody, followed by four years of supervised release.

Defendant was severely over-sentenced because of the ineffectiveness of his trial counsel.

6:16-cv-00433-RAW   Document 1   Filed in ED/OK on 10/11/16   Page 15 of 17

AO 243 (Rev. 01/15) Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing: Rob Riednour

(b) At the arraignment and plea: Rob Riednour

(c) At the trial: Blake Lynch

(d) At sentencing: Brekon Wagnor

(e) On appeal: Barry Derryberry

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

AO 243 (Rev. 01/15)                                                                                                         Page 13

Therefore, movant asks that the Court grant the following relief:

__To Vacate, Set Aside, or correct Sentence__
or any other relief to which movant may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __10-4-16__.
(month, date, year)

Executed (signed) on __10-4-16__ (date)

_____[signature]_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

P.O. Box 1000
El Reno, Oklahoma 73036
Date  10/4/16

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raised a question or problem over which facility has jurisdiction you may wish to return this [illegible] for futher information and [illegible]. If the writer enclosed [illegible] once for forwarding to another [illegible] please return the enclosure to [illegible]

AO 243 (Rev. 01/15)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.